**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CALVIN LARAY EDWARDS,**

        **Petitioner,**

-vs-                                     **Case No. 6:10-cv-1250-Orl-19KRS**
                                                   (6:08-cr-272-Orl-19KRS)

**UNITED STATES OF AMERICA,**

        **Respondent.**

# ORDER

This case comes before the Court on the following:

1. Motion for Reconsideration of Petition under 28 U.S.C. § 2255 by Petitioner Calvin Laray Edwards (Doc. No. 14, filed May 2, 2011); and

2. Response in Opposition to Petitioner's Motion for Reconsideration by Respondent United States of America (Doc. No. 16, filed May 19, 2011).

**Background**

**I. Procedural History**

Petitioner Calvin Laray Edwards was charged in a one-count indictment with possession with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (Criminal Case No. 6:08-cr-272-Orl-19KRS, Doc. No. 1, filed Dec. 10, 2008.)[1] Petitioner entered into a written plea agreement, pled guilty to the charge, and was sentenced to 192 months imprisonment and an eight-

---

[1] Criminal Case No. 6:08-cr-272-Orl-19KRS will be referred to as "Criminal Case."

year term of supervised release. (Criminal Case Doc. No. 23, filed Jan. 20, 2009; Doc. No. 33, filed Jan. 26, 2009; Doc. No. 39 at 2-3, filed May 4, 2009.)

Petitioner filed a direct appeal, which was dismissed by the Eleventh Circuit Court of Appeals due to the appeal waiver contained in Petitioner's plea agreement. (Criminal Case Doc. No. 64, filed Dec. 9, 2009.) Thereafter, Petitioner timely filed a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255, asserting three grounds for relief: (1) coerced guilty plea; (2) ineffective assistance of counsel; and (3) breach of plea agreement. (Doc. Nos. 1, 3.) On April 11, 2011, the Court entered an Order denying the Section 2255 Motion and denying a certificate of appealability. (Doc. No. 12.) Judgment was entered for the Government and against Petitioner on April 12, 2011. (Doc. No. 13.) Petitioner now moves for reconsideration, and the Government has filed a response in opposition. (Doc. Nos. 14, 16.)

## Standard of Review

The Eleventh Circuit Court of Appeals has described a motion for reconsideration filed after the entry of final judgment as falling within the ambit of either Federal Rule of Civil Procedure 59(e) or 60(b). *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993). Under either rule, the decision to grant a motion for reconsideration is committed to the sound discretion of the trial court. *Id.* at 806.

The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). In order to reconsider a judgment, there must be a reason why a court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Sussman v.*

*Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). A motion for reconsideration should not be used to set forth new theories of law or to reiterate arguments previously made. *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997); *Burger King Corp.*, 181 F. Supp. 2d at 1369. Reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *Burger King Corp., 181 F. Supp. 2d at 1369.*

**Analysis**

In his Section 2255 Motion, Petitioner argued that his trial counsel was ineffective for failing to object to the accuracy of his prior convictions listed in his Presentence Report and that as a result, Petitioner was erroneously sentenced as a career offender under U.S.S.G. § 4B1.1. (Doc. No. 3 at 8.) The Court rejected this ineffective assistance of counsel claim on two independent grounds: (1) the claim was barred by Petitioner's sentence appeal waiver; and (2) Petitioner was properly sentenced a career offender because he had one prior conviction for a controlled substance offense and one prior conviction for a crime of violence. (Doc. No. 11 at 8, 21.)

In his Motion for Reconsideration, Petitioner contends that he in fact did not have a prior conviction for a controlled substance offense.[2] (Doc. No. 14 at 2.) Petitioner maintains that his October 8, 2001, conviction in the Circuit Court for Osceola County, Florida, ("October 8 Conviction") had been erroneously documented as a conviction for possession of cocaine with intent to sell and deliver until June 22, 2010, when the state court amended the conviction *nunc pro tunc* to reflect that Petitioner was convicted of simple possession of cocaine in violation of Section 893.13(6)(a), Florida Statutes. (Doc. No. 14-1 at 4.)

---

[2] Petitioner concedes that his prior conviction for robbery with a weapon is a crime of violence for purposes of the career offender sentencing enhancement. (Doc. No. 14 at 4; Doc. No. 11 at 21 n.4.)

As recognized by the United States Supreme Court in *Salinas v. United States*, 547 U.S. 188 (2006), a conviction for simple possession of a controlled substance is not a controlled substance offense as defined under U.S.S.G. § 4B1.2(b), as a controlled substance offense is defined in pertinent part as an offense involving possession "with intent to manufacture, import, export, distribute, or dispense." *Id.* at 188 (quoting U.S.S.G. § 4B1.2(b)). Therefore, a conviction for mere possession of cocaine in violation of Section 893.13(6)(a), Florida Statutes, is not a controlled substance offense under U.S.S.G. § 4B1.2(b).

The Government argues that even if Petitioner's amended October 8 Conviction is not a controlled substance offense under U.S.S.G. § 4B1.2(b), Petitioner is not entitled to any relief because, among other reasons, Petitioner's argument is barred by the sentence appeal waiver contained in his plea agreement. (Doc. No. 16 at 2-4.) The Court agrees that Petitioner's sentence appeal waiver precludes the relief he now seeks.

Pursuant to Section B.5 of Petitioner's plea agreement, Petitioner waived the right to challenge his sentence "collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines," subject to limited exceptions which Petitioner has not raised here.[3] (Criminal Case Doc. No. 23 at 12-13.) Thus, Petitioner's sentence appeal waiver bars a claim that the career offender enhancement was improperly applied to calculate Petitioner's guideline range. *See United States v. Banks*, 350 F. App'x 419, 420 (11th Cir. 2009) (enforcing a sentence appeal waiver to bar the defendant's

---

[3] The three exceptions to the sentence appeal waiver permit Petitioner to challenge (1) that the sentence exceeds the guideline range as determined by the Court pursuant to the United States Sentencing Guidelines; (2) that the sentence exceeds the statutory maximum penalty; and (3) that the sentence violates the Eighth Amendment to the Constitution. (Criminal Case Doc. No. 23 at 13.)

challenges to the court's sentencing guideline calculations); *United States. v. Ray*, 346 F. App'x 507, 511 (11th Cir. 2009) (same); *see also United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999) ("A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues–indeed, it includes a waiver of the right to appeal blatant error."). Because Petitioner does not dispute the Court's finding that he entered the plea agreement knowingly and voluntarily, (Doc. No. 12 at 5-8), Petitioner has waived any challenge to the application of a career offender enhancement in calculating his guideline range.

Further, Petitioner cannot avoid his sentence appeal waiver by claiming ineffective assistance of counsel at sentencing, as doing so would frustrate the purpose of the sentence appeal waiver. *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) ("[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. . . . [A] contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless."). Therefore, Petitioner's Motion for Reconsideration must be denied.

**Conclusion**

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that the Motion for Reconsideration of Petition under 28 U.S.C. § 2255 by Petitioner Calvin Laray Edwards (Doc. No. 14) is **DENIED**.

This Court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability is **DENIED** in this case.

      **DONE AND ORDERED** at Orlando, Florida, this day of June 2, 2011.

*Patricia C. Fawsett*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Calvin Laray Edwards
Counsel of Record